STATE v. STOCKMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6347. Decided Feb. 22, 1926

1073. SECURITIES—Sale of less than 50% of an issue of corporate bonds secured by a bona fide real estate mortgage, never loses its characteristic of "securities" under the exemption mentioned in 6373-2 GC. until all the conditions named in the statute are present.

157. BLUE SKY LAW—1. An owner of security who disposes of his own property for his own account is excepted from the term "dealer" in 6373-2 GC.

2. An indictment setting forth an act of a defendant which clearly gives him the characteristic of an owner as defined in the statute, makes it unnecessary for him to secure a dealer's license; and such indictment fails to set forth a crime.

LEVINE, P. J.

An indictment was brought against John Stockman, based upon 6373-1 GC. which provides that a dealer in securities must first obtain a dealers license from the department of securities. Stockman was charged with having purchased an entire issue of corporate bonds, secured by a real estate mortgage, and said bonds not having been declared invalid and there being no default in payment of interest on principal thereon, he sold less than 50% of said issue to one Rabb without being licensed to sell said security as a dealer.

Defendant demurred to the indictment and the Cuyahoga Common Pleas sustained the demurrer. Error was prosecuted and it was contended by Stockman that the transaction set forth in the indictment does not come within the term securities as contemplated by the statute. It was also claimed that under the exemption in 6373-2 GC. which provides that the term "securities" shall not be deemed to include conveyances of real estate; or where same have not been judicially declared invalid, and where there is no default in payment of interest or principal at the time of the sale. It was therefore declared that when Stockman sold his bonds to Rabb, he was not selling securities within the meaning of the Blue Sky Law. The Court of Appeals held:

1. It is the theory of the defendant that by reason of the exemption contained in 6373-2 GC., the issue of bonds were deprived of the characteristic of securities and that they will not be reinvested with that characteristic because of a subsequent sale.

2. Whether a given bond issue is a security,

cannot be determined by the characteristics which the bonds possessed at any one time, so as to give them the status of being exempt from the operation of the statute for all times.

3. The same bonds may subsequently be declared invalid or there may subsequently be a default in the payment or principal; and in such event the exemption would not be applicable until such contingency occurs.

4. Therefore, a sale of less than 50% would give these bonds the characteristic of securities; for in order to claim the exemption in 6373-2 GC., all the conditions enumerated therein must be present.

5. Under 6373-2 GC. as to what the term "dealer" shall include, an owner, not the issuer of the security who disposes of his own property for his own account, is excepted from the term "dealer".

6. The indictment in effect charges that Stockman was the owner, not the issuer, and that he disposed of part of his property for his own account.

7. Stockman being an owner and not a dealer; it is unnecessary for him to secure a dealer's license.

8. Since the indictment, neither expressly nor by description, charges the defendant with being a dealer, it fails to set forth a crime and the lower court was therefore right in sustaining a demurrer.

Judgment affirmed.

Attorneys—E. C. Stanton for State; Bernon, Mulligan, Keeley & LaFever for Stockman; all of Cleveland.